```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

JAMES CARTER,

        Plaintiff,

        v.

AMAZON ACY1 and CHARLOTTE SMYTHE,

        Defendants.

1:19-cv-20014-NLH-JS

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

JAMES CARTER
480 MAURICE RIVER PKWY
VINELAND, NJ 08360

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, on November 8, 2019, Plaintiff, James Carter, appearing *pro se*, filed a complaint against his employer, Amazon ACY1, and his supervisor, Charlotte Smythe, claiming that he has been subjected to discrimination and retaliation because of his race and disability; and

    WHEREAS, Plaintiff alleged a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII");[1] and

---

[1] This Court therefore has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff does not advance any state law claims in his complaint that would implicate jurisdiction under

WHEREAS, because Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) pursuant to 28 U.S.C. § 1915(a)(1), the Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); and

WHEREAS, the Court noted that a plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5, which require that before filing a lawsuit, a plaintiff must (1) exhaust his administrative remedies by filing a timely discrimination charge with the EEOC, and (2) receive from the EEOC a right-to-sue letter, see 42 U.S.C. § 2000e-5(b), (e)(1),

---

28 U.S.C. § 1332(a), which provides that a district court has jurisdiction over a matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs. Plaintiff lists his state of citizenship as New Jersey, and provides the address of Amazon's facility in West Deptford, New Jersey for Defendant Amazon and the individual Defendant Charlotte Smythe, which would not be proper for establishing jurisdiction under § 1332(a) if Plaintiff had intended to assert state law claims. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)).

(f)(1); and

WHEREAS, Plaintiff's complaint indicated that he filed a charge with the EEOC in September 2019, but the EEOC had not issued a right-to-sue letter (Docket No. 1 at 5); and

WHEREAS, the Court granted Plaintiff's IFP application, but also ordered that Plaintiff's complaint would be dismissed if, within twenty days, Plaintiff failed to file an amended complaint that asserted a claim or claims that are not dismissible for his failure to exhaust his administrative remedies (Docket No. 2 at 5);[2] and

WHEREAS, in response to the Court's Order, on December 3, 2019, Plaintiff filed a right-to-sue letter issued by the EEOC on November 27, 2019 (Docket No. 3); and

WHEREAS, even though Plaintiff has not filed an amended complaint that states the EEOC has provided a right-to-sue letter, the Court will construe Plaintiff's filing as an amended complaint that satisfies the right-to-sue requirement and incorporates all other allegations in his original complaint;

THEREFORE,

IT IS on this  4th   day of  December  , 2019

---

[2] As the Court noted, "Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Devine v. St. Luke's Hosp., 406 F. App'x 654, 656 (3d Cir. 2011).

ORDERED that the Clerk of the Court shall file as a separate docket entry Plaintiff's original complaint (Docket No. 1-1) and Plaintiff's "NOTICE of Right to Sue" (Docket No. 3) and title the docket entry "AMENDED COMPLAINT"; and it is further

ORDERED that the Clerk issue a summons, and the U.S. Marshal serve a copy of the amended complaint, summons, and this order upon Defendants as directed by Plaintiff, with all costs of service advanced by the United States.


At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.