UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES CARTER, | No. 19-20014 |
| Plaintiff, | |
| v. | OPINION |
| AMAZON, et al., | |
| Defendants. | |

**APPEARANCES**

JAMES CARTER
480 MAURICE RIVER PKWY
VINELAND, NJ 08360

   *Plaintiff appearing pro se*

AUGUST W. HECKMAN, III
MORGAN, LEWIS & BOCKIUS LLP
502 CARNEGIE CENTER
PRINCETON, NJ 08540-6241

   *Counsel on behalf of Defendants Amazon.com Services, LLC and Charlotte Smythe*

**HILLMAN**, District Judge

This matter comes before the Court by way of Defendants Amazon.com Services, LLC. (incorrectly identified as "Amazon Acyl")("Defendant Amazon") and Charlotte Smythe's ("Defendant Smythe")(collectively the "Defendants") Motion to Dismiss. For the reasons expressed below, Defendants' Motion to Dismiss will be GRANTED.[1]

---

[1] While the Court allowed this matter to proceed after initial screening pursuant to 28 U.S.C. § 1915, the Court did not explicitly rule on whether the allegations in the Amended

## BACKGROUND

Plaintiff, an employee of Defendant Amazon, alleges he had a conversation with Defendant Smythe "concerning [his] issues on the discrimination taken [sic] place at Amazon." (ECF No. 9 at 6.) Defendant Smythe responded by explaining "[t]here's no diversity on our shift." (Id.) Plaintiff contends "everyone in meaningful positions [at Amazon] are all Caucasian" and that "[t]hese positions that are not given to others has prevented people of color from reaching higher goals for advancement on the job." (Id.) Plaintiff argues "[t]his is unfair to thee people of color . . . because they'll never get the training needed to score high enough to qualify for an interview." (Id.) Plaintiff alleges he was informed by another area manager at Amazon that he "should feel lucky" because a different area manager "had to fight to get [Plaintiff's] problem solved trained [sic]." (Id.) Plaintiff explains that since his

---

Complaint stated a claim under Title VII. Accordingly, the Court's screening order, ECF No. 4, has no preclusive effect. Nevertheless, even if this Court's grant of Plaintiff's application to proceed in forma pauperis and order directing the filing of the Amended Complaint could be construed as a finding that the Amended Complaint state a valid cause of action, "this Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.'" Richardson v. Cascade Skating Rink, No. 19-08935, 2020 U.S. Dist. LEXIS 236296, at *4-5 (D.N.J. Dec. 16, 2020)(quoting Magruder v. Grafton Corr. Inst., No. 19-1980, 2020 U.S. Dist. LEXIS 93926, at *7-8 (N.D. Ohio April 1, 2020)). After more careful scrutiny of the Amended Complaint, the Court finds Plaintiff fails to state a claim under Title VII.

2

"training others have followed" and that he "wonder[s] if someone fight [sic] for them to be trained." (Id.)  Plaintiff finally contends that "[t]he response [he] received from site Manager was to change [his] shift." (Id.)

As a result of the foregoing, Plaintiff filed the Amended Complaint against Defendants asserting Title VII claims. Plaintiff checked boxes on the form complaint that the discriminatory conduct on which he bases his Amended Complaint is as follows: (1) failure to promote; (2) retaliation; and (3) unequal terms and conditions of employment.[2]  Plaintiff further checked boxes on the form complaint that such discriminatory conduct occurred because of his race (African American/Indian), color (Brown skin), and disability (speech impediment).

## DISCUSSION

### a. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

### b. Legal Standard for Motion to Dismiss Under Rule 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court

---

[2] Plaintiff also checked the box "other acts" and explained he was told by Defendant Smythe "not to say anything about unfair treatment, just d." (ECF No. 9 at 4.)  Plaintiff fails to conclude this sentence. The Court will at this stage, accept as true, Defendant Smythe informed Plaintiff "not to say anything about unfair treatment."

must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v.

4

George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

In the case where a plaintiff is proceeding without counsel, pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976)(quotations and citations omitted). Pro se litigants, however, must still plead the essential elements of their claim and are not excused from conforming to the standard rules of civil procedure. McNeil v. United States, 508 U.S. 106, 113

5

(1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

   **c. Analysis**

      **a. Title VII Claims Against Defendant Smythe**

Defendants argue Plaintiff's Amended Complaint must be dismissed against Defendant Smythe because "Title VII does not recognize individual employee liability." (ECF No. 18-1 at 8). Plaintiff fails to provide a response to this argument. This Court agrees with Defendants.

"Third Circuit jurisprudence is clear that Title VII does not subject individual supervisory employees to liability." Spence v. New Jersey, No. 19-21490(NLH), 2021 U.S. Dist. LEXIS 70128, at *9 (D.N.J. Apr. 12, 2021)(citations omitted)(quoting Simon v. Shore Cab, LLC, No. 13-6290, 2014 U.S. Dist. LEXIS 83435, at *13-14 (D.N.J. June 19, 2014)); see also Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996)("Congress did not intend to hold individual employees liable under Title VII"); Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) ("[I]ndividual employees are not liable under Title VII.").

The Court recognizes that "[w]hen a plaintiff files a

6

complaint pro se and is faced with a motion to dismiss, 'unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." Spann v. Cumberland/Salem Mun. Court, No. 21-11066, 2021 U.S. Dist. LEXIS 102393, at *4 (D.N.J. June 1, 2021)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008)(emphasis in original).  "This is the case even when leave to amend has not been sought; in such a situation, a district court is directed to set a time period for leave to amend." Id. (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)).  Based on the well-establish case law, it appears that any attempt to amend Plaintiff's Amended Complaint against Defendant Smythe would be futile.  Accordingly, Plaintiff's Title VII claim against Defendant Smythe will be dismissed with prejudice.  See, e.g. Spence, 2021 U.S. Dist. LEXIS 70128, at *9-10 (dismissing with prejudice plaintiff's Title VII claims against individual defendants).

### b. Title VII Claims Against Defendant Amazon

The Court interprets Plaintiff's Amended Complaint to essentially assert three Title VII claims: (1) failure to promote; (2) retaliation; and (3) unequal terms and conditions of employment.  For the purposes of the standard applied to Rule 12(b)(6) motions, Plaintiff need not plead all of the prima facie elements of her discrimination claims at this stage, but still must "allege sufficient facts to raise a reasonable

expectation that discovery will uncover proof of her claims." Connelly v. Lane Constr. Corp., 809 F.3d 780, 789 (3d Cir. 2016). The Court similarly notes its duty to hold the complaint of a pro se plaintiff "to less stringent standards than formal pleadings drafted by lawyers." Estelle, 429 U.S. at 106. Plaintiff, however, has failed to plead almost any facts at all, and accordingly has failed to state a claim under Title VII.

The Court turns first to Plaintiff's failure to promote claim. "To state a prima facie case of failure to promote in violation of Title VII, a plaintiff must show '(i) that [s]he belongs to a [protected category]; (ii) that [s]he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite [her] qualifications, [s]he was rejected; and (iv) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.'" Rhodes v. Camden Redevelopment Agency, No. 20-20337 (NLH), 2021 U.S. Dist. LEXIS 4062, at *9 (D.N.J. Jan. 8, 2021)(quoting Dickerson v. New Jersey Institute of Tech., No. 19-8344, 2019 U.S. Dist. LEXIS 197518, at *14-15 (D.N.J. Nov. 14, 2019)(alteration in original)).

As to the second element the Court recognizes that "[a]lthough some courts have held that failure to apply for a promotion is fatal to a failure to promote claim, many courts have overlooked this failure in certain cases, such as when the

8

promotional system did not involve a formal application process and when a plaintiff's attempts to apply for a promotion have been rebuffed." Id. (citing Dickerson, 2019 U.S. LEXIS 197518, at *16)(quoting Khair v. Campbell Soup Co., 893 F. Supp. 316, 331 (D.N.J. 1995), on reconsideration in part (July 3, 1995)).

Here, Plaintiff, an African American, satisfies the first element.  Plaintiff alleges "everyone in meaningful positions are all Caucasian. These positions that are not given to others have prevented people of color from reaching higher goals or better-paying jobs within the company."  (ECF No. 9).  Plaintiff further alleges "[t]he H.R. department has implemented a matrix system for advancement on the job" and that this is "unfair to people of color on FHN because they'll never get the training needed to score high enough to qualify for an interview."  (Id.) Even if the Court were to consider these well-pleaded facts, Plaintiff has still failed to plead enough additional facts to state a failure to promote claim.  Plaintiff pleads he actually received the requisite training for promotions and "fails to plead any specific promotional opportunities, whether []he applied for or attempted to pursue them, or any specifics whatsoever about the alleged promotions []he claims to have missed out on."  Rhoades, 2021 U.S. Dist. LEXIS 4062, at *11. "Without any specific factual allegations, Plaintiff's claims fail to meet Federal Rule of Civil Procedure 8(a)'s pleading standards" and accordingly, the Court must dismiss Plaintiff's

9

Title VII claim based on the failure to promote.  Id.

Plaintiff's second claim is for retaliation.  "A claim of discriminatory retaliation has three elements: (1) plaintiff 'engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action."  Spence, 2021 U.S. LEXIS 70128, at *22.  "For an employer's action to qualify as an adverse employment action" for a retaliation claim, a plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  Id. at *25(citing Daniels v. Sch. Dist. Of Phila., 776 F.3d 181, 195 (3d Cir. 2015); Moore v. City of Philadelphia, 461 F.3d 331, 341-42 (3d Cir. 2006) ("[A] plaintiff claiming retaliation under Title VII must show that a reasonable employee would have found the alleged retaliatory actions 'materially adverse' in that they 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'")).  For the third element, "[t]o demonstrate a link between protected activity and an employer's adverse action, a plaintiff may rely on the temporal proximity between the two if unusually suggestive."  Nicholson v. Brennan, No. 17-07144, 2020 U.S. Dist. LEXIS 237295, at *10 (D.N.J. Dec. 17, 2020)(quoting Daniels, 776 F.3d at 196).  "The causal

10

connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." Id. (quoting Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989)). "[W]here there is a lack of temporal proximity, circumstantial evidence of a 'pattern of antagonism' following the protected conduct can also give rise to the inference." Id. (quoting Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997)).

Here, even assuming Plaintiff engaged in a protected activity, the Amended Complaint simply fails to contain any allegations to support elements two or three. First, Plaintiff fails to plead Defendant Amazon engaged in any action that a reasonable employee would have found materially adverse. At the end of Plaintiff's factual allegations, he adds "Note: The response I received from site Manager was to change my shift." (ECF No. 9 at 6). Plaintiff fails to explain when this shift change occurred or whether this shift change was adverse to Plaintiff. Even if this Court were to conclude the shift change allegation was enough to satisfy the second element, Plaintiff would still be unable to survive dismissal. This is because Plaintiff has failed to allege the change in shift resulted from or was subsequent to any protected activity. Nor has Plaintiff alleged dates or any alleged adverse action to support a theory based on suspicious timing, or temporal proximity.

To survive dismissal, "some adverse action must be

identified, and facts supporting a causal connection between Plaintiff's engagement in a protected activity and the negative employer action must be pled." Dickerson, 2020 U.S. Dist. LEXIS 225665, at *16-17.  The Court finds that Plaintiff has failed to sufficiently raise a reasonable expectation that he will be able to demonstrate an adverse employment action or a causal connection between the alleged protected activity and adverse action after discovery based on the bare allegation that his shift was changed.  Accordingly, the Court will dismiss Plaintiff's Title VII claim based on retaliation.

The Court next turns to Plaintiff's claim for unequal terms and conditions of employment.  "To establish a claim for unequal terms and conditions in employment, or disparate treatment, [Plaintiff] must establish that she (1) is a member of a protected class; (2) was qualified for the position; (3) was negatively affected by Defendant's employment decisions; and (4) was treated less favorably than employees not within her protected class." Rhodes, 2021 U.S. Dist. LEXIS 4062, at *7 (quoting Dickerson, 2020 U.S. Dist. LEXIS 225665, at *17).

Plaintiff, an African American, satisfies the first element.  Even assuming Plaintiff was qualified for his position, the Amended Complaint fails to specify Plaintiff was negatively affected by Amazon's employment decisions and fails to allege facts suggesting that Plaintiff was treated less favorable when compared to others not within his protected

12

class. The Plaintiff has indicated, by checking boxes on the form complaint, that Amazon allegedly mistreated him based on his race, color, and disability. He has failed, however, to state facts to support these conclusory assertions. Plaintiff fails to identify another employee who was of a different race or color or not disabled, who was similarly situated but received better treatment. For this reason, the Court concludes Plaintiff has failed to sufficiently raise a reasonable expectation that he will be able to demonstrate he was negatively affected by an employment decision of Defendant Amazon or was treated less favorable when compared to others similarly situated and not within his protected class after discovery. Accordingly, the Court will dismiss Plaintiff's Title VII claim based on the unequal terms or conditions of employment. The Title VII claims against Defendant Amazon are without prejudice. Plaintiff will be afforded an additional thirty days to amend his Amended Complaint to cure these deficiencies.

## CONCLUSION

For the reasons expressed above, Defendants' Motion to Dismiss (ECF No. 18) will be GRANTED. An appropriate Order will be entered.

Date: September 29, 2021　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　NOEL L. HILLMAN, U.S.D.J.